NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                            :
DEMETRIUS MUSCHETTA,        :
                            :    Civ. No. 20-10423 (RMB)
          Petitioner        :
                            :
     v.                     :         **OPINION**
                            :
DAVID ORTIZ,                :
                            :
          Respondent        :
_____ :

BUMB, United States District Judge

This matter comes before the Court upon Petitioner Demetrius Muschetta's petition for writ of habeas corpus under 28 U.S.C. § 2241. (Pet., Dkt. No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] a judge must promptly examine the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." § 2254, Rule 4. For the reasons discussed below, it plainly appears from the petition, attached exhibits, and the docket in United States v. Muschetta, Criminal No. 1:16-cr-00187-

---

[1] Rule 4 is applicable to habeas petitions under 28 U.S.C. § 2241 under Rule 1, scope of the rules. § 2254, Rule 1.

BAH-1 ("Muschetta, No. 16cr187 (D.D.C.)"),[2] of which this Court takes judicial notice,[3] that this Court lacks jurisdiction over the petition.

I.  BACKGROUND

Petitioner, a prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, is challenging his March 17, 2017 conviction in the United States District Court, District of Columbia, claiming that he is actually innocent because he was indicted by a grand jury in the District of Maryland, and the case was transferred to the District of Columbia under a new case number without a new Indictment by a grand jury. (Pet., ¶13, Dkt. No. 1.) Petitioner seeks to proceed under 28 U.S.C. § 2241 through the saving clause of 28 U.S.C. § 2255(e).

Petitioner was indicted by a grand jury in the United States District Court, District of Maryland on May 7, 2015 in Criminal Action No. PWG-15-0245, for possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2. Muschetta, No. 16cr187 (D.D.C., Dkt. No. 1-1 at 1.) On October 13, 2016, Petitioner entered into a consent to transfer of case for plea and sentence under Federal Rule of

---

[2] Available at www.pacer.gov.

[3] See Fed. R. of Evid. 201(b)(2) (permitting judicial notice of adjudicative facts that are not subject to reasonable dispute).

Civil Procedure 20, in the District of Columbia, Criminal Action No. 1:16-cr-00187-BAH-1, where additional charges were pending against him. (Id., Dkt. No. 1 at 1-3.) Petitioner pled guilty to the charge arising out of the District of Maryland Indictment, and judgment was entered in the District of Columbia on March 17, 2017, with imposition of a 156-month term of imprisonment. (Id., Dkt. Nos. 4, 14.)

II.  DISCUSSION

    A.   The § 2255(e) Saving Clause

Congress enacted 28 U.S.C. § 2255 to replace traditional habeas corpus under § 2241 for federal prisoners, for the purpose of allowing prisoners to file motions seeking collateral review of their sentences in the sentencing court rather than in the district of confinement. Bruce v. Warden Lewisburg, 868 F.3d 170, 178 (3d Cir. 2017). A federal prisoner must seek collateral review of his conviction or sentence under § 2255, unless the prisoner can establish that the saving clause of § 2255(e) is applicable. Id. The saving clause applies when the remedy by motion under § 2255 is inadequate or ineffective to test the legality of a prisoner's sentence. Bruce, 868 F.3d at 178 (citing § 2255(e)).

In 1996, Congress added significant gatekeeping provisions to § 2255, restricting second or successive § 2255 motions solely to instances of "newly discovered evidence" or "a new rule of constitutional law made retroactive to cases on collateral review

3

by the Supreme Court, that was previously unavailable." Id. at 179 (quoting § 2255(h)). Congress did not address how a prisoner could raise a claim on collateral review when the federal criminal statute of conviction has since been interpreted more narrowly. Id. Thus, the Third Circuit determined that "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241." Id. (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).

To proceed under § 2241, two conditions must be met: (1) a prisoner must assert a claim of actual innocence because he is detained for conduct subsequently rendered non-criminal by an intervening Supreme Court precedent that, as found by the Third Circuit, applies retroactively in cases on collateral review; and (2) the prisoner must be barred from challenging the legality of his conviction under § 2255; in other words, the prisoner "'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.'" Cordaro v. United States, --- F.3d---, 2019 WL 3542904, at *5 (3d Cir. Aug. 5, 2019) (quoting In re Dorsainvil, 119 F.3d at 252.)

4

B.  Analysis

Petitioner's claim does not meet the Third Circuit's test for jurisdiction under § 2241 through the § 2255(e) safety valve. His actual innocence claim does not rely on an intervening Supreme Court case that applies retroactively on collateral review to render his offense conduct no longer criminal. Even if the Court could exercise jurisdiction, Petitioner's claim is without merit because he was indicted by a grand jury in the District of Maryland in Criminal Action No. PWG 15-0245 (D. Md.) and he entered into a Rule 20 Consent to transfer of case for plea and sentence in the District of Columbia. Muschetta, No. 16cr187 (D.D.C.) (Dkt. No. 1.) Petitioner pled guilty to the charge arising out of the District of Maryland Indictment, and judgment was entered on March 17, 2017. (Dkt. Nos. 4, 14.) Petitioner was sentenced to a 156-month term of imprisonment, to run concurrently with a term imposed by the District of Columbia in Criminal Action No. 15CR76-01. (Dkt. No. 14 at 2.) There is nothing improper about the Rule 20 transfer.

III. CONCLUSION

For the reasons set forth above, the Court will dismiss the petition for lack of jurisdiction. An appropriate Order follows.

**Date:  December 2, 2020**

　　　　　　　　　　　　　　　　　　s/Renée Marie Bumb
　　　　　　　　　　　　　　　　　　**RENÉE MARIE BUMB**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**